RUDOLPH LINDEMANN, PLAINTIFF-APPELLANT, v. S. S. KRESGE COMPANY, A BODY CORPORATE, DEFENDANT-RESPONDENT.

Submitted October 4, 1938—Decided April 6, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the appellant, *Collins & Corbin* (*Edward A. Markley, James B. Emory* and *Fred H. Hauser*, of counsel).

For the respondent, *Edwards, Smith & Dawson* (*Raymond Dawson*, of counsel).

PER CURIAM.

This is an action in tort for negligence. The gravamen of the complaint was that defendant, while the lessee of certain premises in the city of Hoboken, created a nuisance upon the sidewalk, and was thereby responsible for the injuries suffered by plaintiff as the result of a fall thereon on February 10th, 1935. There was a nonsuit on the plaintiff's opening; and the appeal is from the consequent judgment.

At the time plaintiff sustained his injuries, the F. W. Woolworth Company was in possession of the premises; and it was also joined as a party defendant. As to the latter, the issue was submitted to the jury, and there was a verdict for the plaintiff. This judgment has been sustained by this court. 121 *N. J. L.* 614. The nature of the claimed nuisance is set out in the opinion filed in that cause.

The ground of the nonsuit was that, subsequent to the creation of the asserted nuisance, and before plaintiff suffered his injuries, defendant divested itself of ownership and occupancy of the premises, and was thereby absolved from liability for the injuries so suffered by plaintiff.

The opening showed that the alleged wrongful act of the defendant was committed in 1927 or 1928, and that it surrendered possession of the premises in November, 1933, when its lease terminated.

We are of the opinion that the nonsuit was erroneous. If, as contended, defendant had created a nuisance upon the sidewalk, its subsequent surrender of the premises, with the nuisance unabated, did not absolve it from responsibility for the injuries suffered by the plaintiff, if they were the proximate result thereof. The *locus* was a public highway. *Garvey* v. *Public Service Co-ordinated Transport,* 115 *N. J. L.* 280.

The judgment is accordingly reversed, and a *venire de novo* awarded; costs to abide the event.